UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERIC HARO,

          :    1:22 Civ. 5341

    Plaintiff,

          :    **COMPLAINT**

 -against-

          :    Plaintiff Demands a Jury Trial

CREATIVE FOODS CORPORATION
d/b/a Burger King, JOHN DOE #1 aka  :
Jamie, JOHN DOE #2 aka Tyrone,

          :

    Defendants.
-------------------------------------------------------X

  Plaintiff Eric Haro, by his undersigned attorneys, as and for his complaint against defendants Creative Foods Corporation d/b/a Burger King, John Doe #1 aka Jamie, and John Doe #2 aka Tyrone, alleges as follows:

  1. This is an action for compensatory and punitive damages for public accommodations discrimination in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. L. § 296, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, the New York State Civil Rights Law §§ 40 and 40-c, and for assault, battery, and intentional infliction of emotional distress under New York common law.

## Jurisdiction and Venue

  2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000a–6(a) (Title II of the Civil Rights Act of 1964).

  3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

5. Plaintiff is Hispanic. He is a resident of Queens County, New York.

6. Defendant Creative Foods Corporation d/b/a Burger King ("Creative Foods") is a corporation organized under the laws of the State of New Jersey with a principal place of business at 200 Garden City Plaza, #105, Garden City, New York 11530. At all times relevant to this complaint, Creative Foods was the owner, operator, and proprietor of the Burger King restaurant located at 68-15 Northern Boulevard in Queens, New York (the "Restaurant").

7. Defendant John Doe #1 aka Jamie ("Jamie") was at all relevant times a manager, agent, and employee of defendant Creative Foods and the Restaurant.

8. Defendant John Doe #2 aka Tyrone ("Tyrone") was at all relevant times a manager, agent, and employee of defendant Creative Foods and the Restaurant.

## Statement of Facts

9. At all times relevant to this complaint, the Restaurant was open 24 hours a day, seven days a week.

10. At all times relevant to this complaint, the Restaurant stated on its Google Business page that the Restaurant itself was "Open 24 hours" and that its drive-through window was open until 12:00 a.m.

11. At all times relevant to this complaint, the Restaurant listed its operating hours on Yelp.com as "Open 24 hours" every day.

12. At all times relevant to this complaint, the Restaurant listed its operating hours on its Facebook page as "Always open."

13. On March 25, 2022, at approximately 10:00 p.m., plaintiff attempted to order food at the Restaurant's drive-through window.

14. The Restaurant's drive-through window was open at that time.

15. Defendant Tyrone took plaintiff's order but refused to serve him.

16. Tyrone became verbally abusive and made derogatory remarks about plaintiff being Hispanic.

17. When plaintiff handed Tyrone money to pay for his meal, Tyrone threw the money back at him.

18. Plaintiff decided to speak with a manager.

19. Plaintiff parked his car and walked towards the entrance of the Restaurant.

20. Tyrone left his position at the drive-through window and met plaintiff at the front door of the Restaurant.

21. Tyrone stood at the front door of the Restaurant, blocked plaintiff from entering, and refused to allow him to enter.

22. Plaintiff asked to speak with a manager.

23. Tyrone told plaintiff that he was the manager.

24. Plaintiff attempted to enter the Restaurant.

25. Tyrone physically blocked plaintiff from entering the Restaurant.

26. Tyrone told plaintiff, "We're closed."

27. The Restaurant was open.

28. Plaintiff pointed out that he could see customers entering the Restaurant and eating inside. Drivers from Uber-type services were also going in and out of the Restaurant.

29. Tyrone told plaintiff, "Get your Hispanic ass out of here."

30. Tyrone smacked plaintiff in the head twice with his hand.

31. Tyrone told plaintiff, "When I clock out, I'm gonna beat your ass.  I get out at 11 so you better watch your back."

32. While Tyrone was physically blocking plaintiff from entering the Restaurant, he was letting other, non-Hispanic customers enter the Restaurant.

33. Tyrone told plaintiff, "Go somewhere else, go somewhere else."

34. Tyrone told plaintiff "You ain't getting no food."

35. Tyrone told plaintiff in a taunting voice, "Bye, bye."

36. Defendant Jamie came out of the Restaurant.

37. Jamie said that he was the manager of the Restaurant.

38. Jamie refused to allow plaintiff to enter the Restaurant.

39. Jamie walked aggressively at plaintiff to move him away from the Restaurant.

40. Jamie told plaintiff that he had to leave.

41. Tyrone continued to threaten plaintiff in front of Jamie.

42. Jamie heard Tyrone's threats.

43. Tyrone directed racist taunts at plaintiff in front of Jamie.

44. Jamie heard Tyrone's racist taunts.

45. Plaintiff asked Jamie if he was just going to let this happen.

46. Jamie told plaintiff that he would deal with Tyrone, but that plaintiff had to leave.

47. Jamie refused to allow plaintiff to enter the Restaurant.

48. Jamie refused to allow plaintiff to order food.

49. Plaintiff suffered severe emotional distress as a result of defendants' actions.

50. Plaintiff was unable to sleep at all the night of the incident.

51. Plaintiff continues to suffer flashbacks and frequent bouts of insomnia as a result of defendants' conduct.

52. Plaintiff is unable to go to Burger King restaurants anymore. Seeing a Burger King sign or advertisement triggers flashbacks of the assault, the racist remarks and taunting, and the denial of service.

**FIRST CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. § 2000a**

53. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

54. The Restaurant is a place of public accommodation as defined in 42 U.S.C. § 2000a.

55. The Restaurant is principally engaged in selling food.

56. The Restaurant sells food for consumption on the premises.

57. The Restaurant serves or offers to serve interstate travelers.

58. A substantial portion of the food and other products the Restaurant sells has moved in commerce.

59. Defendants denied plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Restaurant.

60. Defendants discriminated against plaintiff.

61. Upon information and belief, defendants discriminated against plaintiff on the ground of his race.

62. Plaintiff suffered injury and damages as a result of defendants' actions.

**SECOND CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. § 1981**

63. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

64. Defendants impaired plaintiff's right to make and enforce contracts including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

65. Upon information and belief, defendants impaired plaintiff's contractual rights because of his race.

66. Plaintiff suffered injury and damages as a result of defendants' actions.

**THIRD CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR DISCRIMINATION**
**IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW § 296**

67. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

68. Defendants discriminated against plaintiff by, directly and indirectly, refusing, withholding from and denying him the accommodations, advantages, facilities and privileges of the Restaurant.

69. Upon information and belief, defendants refused, withheld from and denied plaintiff the accommodations, advantages, facilities and privileges of the Restaurant because of his race.

70. Plaintiff suffered injury and damages as a result of defendants' actions.

## FOURTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR DISCRIMINATION
## IN VIOLATION OF NYC HUMAN RIGHTS LAW § 8-107

71.  Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

72.  Defendants discriminated against plaintiff because of his actual or perceived race.

73.  Plaintiff suffered injury and damages as a result of defendants' actions.

## FIFTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR DISCRIMINATION
## IN VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW § 40

74.  Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

75.  Defendants denied plaintiff the full and equal accommodations, advantages, facilities and privileges of the Restaurant.

76.  Defendants directly and indirectly refused, withheld from and denied to plaintiff the accommodations, advantages, facilities and privileges of the Restaurant.

77.  Upon information and belief, defendants discriminated against plaintiff on account of his race.

78.  Defendant Tyrone discriminated against plaintiff by stating that the patronage of persons of his race at the Restaurant was unwelcome, objectionable, or not acceptable, desired or solicited.

79.  Defendant Jamie heard Tyrone's discriminatory comments.

80.  Defendant Jamie ratified Tyrone's discriminatory comments by his subsequent conduct.

81.  Plaintiff suffered injury and damages as a result of defendants' actions.

**SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR DISCRIMINATION**
**IN VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW § 40-c**

82. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

83. Defendants subjected plaintiff to harassment and discrimination in his civil rights because of his race.

84. Plaintiff suffered injury and damages as a result of defendants' actions.

**SEVENTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

85. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

86. Defendants engaged in extreme and outrageous conduct.

87. Defendants intended to cause, or disregarded a substantial probability of causing, plaintiff to suffer severe emotional distress.

88. Plaintiff suffered severe emotional distress as a result of defendants' conduct.

**EIGHTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR ASSAULT**

89. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

90. Defendant Tyrone engaged in physical conduct that placed plaintiff in imminent apprehension of harmful contact.

91. Defendant Jamie engaged in physical conduct that placed plaintiff in imminent apprehension of harmful contact.

92. Plaintiff suffered injury and damages as a result of defendants' actions.

## NINTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR BATTERY

93. Plaintiff repeats and realleges each statement set forth above as if fully restated herein.

94. Defendant Tyrone intentionally made offensive, bodily contact with plaintiff.

95. Defendant Jamie intentionally made offensive, bodily contact with plaintiff.

96. Plaintiff suffered injury and damages as a result of defendants' actions.

### Jury Demand

97. Plaintiff demands and is entitled to a jury trial of all claims.

### Demand for Relief

Wherefore, plaintiff demands judgment against each defendant, jointly and severally, for compensatory and punitive damages in amounts to be determined at trial, an award of reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 2000a–3(b), 42 U.S.C. § 1988(b), and N.Y.C. Admin. Code § 8-502(g), and such other relief as this Court deems just.

Dated: New York, New York
September 8, 2022

THE HOWLEY LAW FIRM P.C.

By: */s John J.P. Howley*
John J.P. Howley
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
(212) 601-2728
jhowley@howleylawfirm.com